UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH MATTHEW HALL,<br>Petitioner,<br>v.<br>PATRICK COVELLO,<br>Respondent. | Case No. 19-cv-08314-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS PETITION AS UNTIMELY**<br><br>Re: Dkt. No. 16 |

## INTRODUCTION

Petitioner, an inmate at Mule Creek State Prison, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now pending before the Court is respondent's motion to dismiss the petition as barred by the statute of limitations. Dkt. No. 16. Petitioner has not filed an opposition, and the deadline to do so has since passed. For the reasons set forth below, the Court GRANTS respondent's motion to dismiss.

## BACKGROUND

On March 26, 2013, a Sonoma County jury found petitioner guilty of first degree robbery (Cal. Penal Code § 211), and one count of battery resulting in serious bodily injury (Cal. Penal Code § 243(d)). Dkt. No. 16, Ex. A. The jury found true the allegations that petitioner inflicted great bodily injury as to one robbery count, suffered three prior felony convictions, and served a prior prison term (Cal. Penal Code §§ 1170.12, 667.5(b)). Dkt. No. 16, Ex. A. On September 3, 2013, petitioner was sentenced under California's Three Strikes Law to a total term of twenty-five years to life, plus a determinate term of thirteen years in state prison. Dkt. No. 16, Ex. A.

On March 27, 2018, the California Court of Appeal denied petitioner's appeal and affirmed this conviction and judgment in an unpublished decision. Dkt. No. 16, Ex. B. On July 11, 2018,

the California Supreme Court denied the petition for review. Dkt. No. 16, Exs. C and D. Petitioner did not file any state post-conviction collateral petitions.

On November 26, 2019, petitioner filed the instant petition for a writ of habeas corpus.[1]

## DISCUSSION

Respondent has filed a motion to dismiss this petition as untimely because it was filed beyond the one year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and because petitioner's allegations regarding his mental health issues fails to entitle him to equitable tolling. Dkt. No. 16. Petitioner has not responded to this motion.

**A.     AEDPA Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time on state prisoners a one-year statute of limitations for filing federal petitions for a writ of habeas corpus. In relevant part, Section 2244(d)(1)(A) requires state prisoners challenging non-capital state convictions or sentences to file their habeas petitions within one year of the latest of the date on which the judgment became final after the conclusion of direct review or the time passed for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). The one-year period generally will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). With respect to subsection (A), "direct review" concludes upon the United States Supreme Court's denial of certiorari review of a state court conviction, or upon the expiration of the time for filing a petition for certiorari review in the United States Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999); *see also Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final ninety days after California Supreme Court denied review); *Bowen*, 188 F.3d at 1159 (same).

---

[1] The Civil Cover Sheet indicates that petitioner filled out a civil cover sheet commencing this action on November 26, 2019. Dkt. No. 1 at 76.

AEDPA's statute of limitations is subject to equitable tolling in appropriate cases.[2] *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). To satisfy the first prong under Holland, a litigant must show "that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Smith v. Davis*, 953 F.3d 582, 598-599, 601 (9th Cir. 2020) (en banc). With respect to the second *Holland* prong, equitable tolling may be the proper remedy "only when an extraordinary circumstance prevented a petitioner from acting with reasonable diligence from making a timely filing." *Smith*, 953 F.3d at 600. The prisoner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances ma[de] it impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (alteration in original) (internal quotation marks and citation omitted).

Eligibility for equitable tolling due to mental impairment requires the petitioner to meet a two-part test:

> (1) First, a petitioner must show his mental impairment was an extraordinary circumstance beyond his control by demonstrating the impairment was so severe that either
>   (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
>   (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available

---

[2] The limitations period may also be subject to delayed commencement, *see* 28 U.S.C. § 2244(d)(1)(C), or statutory tolling, 28 U.S.C. § 2244(d)(2). Section 2244(d)(1) provides for the delayed commencement of the AEDPA one-year limitations period where the impediment to filing a habeas petition was the result of unconstitutional state action, where the habeas petition is based on a right newly recognized by the Supreme Court made retroactive to cases on collateral review, or where the factual predicate of the claim was unknown to the petitioner and could not have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(B)-(D). Petitioner does not argue that he is entitled to either delayed commencement of the limitations period or statutory tolling of the limitations period, and the record does not support any such argument.

access to assistance.

*Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010) (citations and footnote omitted). This standard requires the court to evaluate the petitioner's ability to do by himself the two functions involved in complying with AEDPA filing deadlines—i.e., understand the need to file within the limitations period and submit a minimally adequate habeas petition—and to evaluate the petitioner's diligence in seeking assistance with what he could not do alone. *Bills*, 628 F.3d at 1100-01.

**B.     Analysis**

Petitioner's conviction became final on October 11, 2018, ninety days after the California Supreme Court denied his petition for review on July 11, 2018. The one-year AEDPA statute of limitations period for the underlying conviction therefore expired on October 27, 2019. The instant federal petition for a writ of habeas corpus is therefore untimely by nearly six weeks unless petitioner is entitled to equitable tolling of the limitations period.

In his petition, petitioner argues that he is entitled to equitable tolling of the limitations period because he has been housed in the California Department of Corrections and Rehabilitations' Enhanced Outpatient Program ("EOP"), a mental health program, since 2015; is being treated for severe depression, hearing voices, and self-mutilation; has a T.A.B.E. score of 6.6; is not educated or versed in the law; and is currently under the care of a certified psychiatrist and on psychiatric medications. Dkt. No. 1 at 13-14. Because the instant habeas petition is a copy of petitioner's state court appellate brief and does not raise any new arguments, the Court presumes that petitioner is arguing that his mental health issues, lack of familiarity with the law, and TABE score of 6.6 either prevented him from filing before the expiration of the limitations period.

The Court finds that these allegations do not entitle petitioner to equitable tolling because petitioner has not shown that these circumstances caused his untimeliness or made it impossible to timely file a petition. *Ramirez*, 571 F.3d at 997. The conditions alleged by petitioner still existed at the time the instant petition was filed, yet petitioner was able to file the petition. In addition, petitioner has not demonstrated eligibility for equitable tolling due to mental impairment because

he has not demonstrated that his mental impairment prevented him, either rationally or factually, from personally understanding, the need to timely file, or rendered him unable personally to prepare a habeas petition and effectuate its filing. As noted above, petitioner was still enrolled in EOP, under the care of a psychiatrist, and taking psychiatric medications when he filed the instant petition. Because petitioner is not entitled to equitable tolling of the limitations period, the Court GRANTS respondent's motion to dismiss the petition as untimely. Dkt. No. 16.

## CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that issues an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing Habeas Corpus Cases Under Section 2254, Rule 11(a). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard, *id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, petitioner has not made such a showing, and, accordingly, a certificate of appealability will be denied.

## CONCLUSION

For the reasons stated above, respondent's motion to dismiss the petition as untimely is GRANTED. Dkt. No. 16. The petition for a writ of habeas corpus is DENIED as untimely, and a certificate of appealability is DENIED. The Clerk shall enter judgment in favor of respondent and close the file.

This order terminates Dkt. No. 16.

**IT IS SO ORDERED.**

Dated: 9/28/2020

_Haywood S. Gilliam Jr._
HAYWOOD S. GILLIAM, JR.
United States District Judge